# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

THE J.M. SMUCKER COMPANY,

        Plaintiff,

    v.

EUROFINS SCIENTIFIC, INC.,

        Defendants.

CASE NO. 19-cv-1646

JUDGE SARA LIOI

## PLAINTIFF THE J.M. SMUCKER COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANT EURFOFINS SCIENTIFIC, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................... 1

ARGUMENT ...................................................................................................... 3

I.      ESI MAY NOT SEEK DISMISSAL PURSUANT TO RULE 12(b)(6) OR THE
        DOCTRINE OF *FORUM NON CONVENIENS*................................................. 3

        A.      ESI Cannot Rely on Rule 12(b)(6) to Enforce a Forum Selection Clause.............. 3

        B.      ESI Cannot Seek Dismissal Pursuant to the Doctrine of *Forum Non
                Conveniens*.......................................................................................... 5

II.     THE COURT SHOULD STRIKE AND EXCLUDE THE MURRAY
        DECLARATION AND ANY OTHER EXHIBITS OUTSIDE THE
        PLEADINGS. ...................................................................................................... 7

III.    ESI'S REQUEST TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER TO
        AN ALTERNATIVE FEDERAL VENUE MUST BE DENIED. ................... 9

        A.      In light of the Parties' Competing Forum Selection Clauses, the Court
                Should Conduct a Traditional § 1404(a) Analysis, which Requires Denial
                of ESI's Request to Transfer.................................................................. 9

                i.       Deference to Smucker's Forum Choice. .................................... 11

                ii.      Public and Private Interests of Parties. ..................................... 12

        B.      Should the Court Determine that It Must Apply a Forum Selection Clause,
                then It Must Apply the Clause in the Smucker Terms........................... 15

                i.       The EOL Agreement and ESI Terms Do Not Govern Smucker's
                         Purchase Order or Change Orders. .......................................... 15

                ii.      Smucker's Forum Selection Clause Is Enforceable................... 18

                iii.     Smucker's Forum Selection Clause Is Mandatory................... 20

CONCLUSION.................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdelkhaleq v. Precision Door of Akron*,
No. 5:07CV03585, 2008 WL 3980339 (N.D. Ohio Aug. 21, 2008) ........................................8

*Adelson v. World Transp., Inc.*,
631 F. Supp. 504 (S.D. Fla. 1986) ......................................................................................15

*All. Health Grp., LLC v. Bridging Health Options, LLC*,
553 F.3d 397 (5th Cir. 2008) ..............................................................................................20

*Am. Greetings Corp. v. Cookie Jar Entm't, Inc.*,
No. 1:09-CV-1056, 2009 WL 3713686 (N.D. Ohio Nov. 3, 2009)................................ *passim*

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
571 U.S. 49, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013)................................................. *passim*

*Ball v. Union Carbide Corp.*,
385 F.3d 713 (6th Cir. 2004) .................................................................................................8

*Bartels by & through Bartels v. Saber Healthcare Grp., LLC*,
880 F.3d 668 (4th Cir. 2018) ...............................................................................................20

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
528 F.3d 426 (6th Cir. 2008) .................................................................................................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)................................................9, 19

*Boling v. Prospect Funding Holdings, LLC*,
771 F. App'x 562 (6th Cir. 2019) ................................................................................. *passim*

*Braman v. Quizno's Franchise Co., LLC*,
No. 5:07CV2001, 2008 WL 611607 (N.D. Ohio Feb. 20, 2008) ...............................18, 19, 20

*C. Thorrez Indus., Inc. v. LuK Transmission Sys., LLC*,
No. 5:09–cv–1986, 2010 WL 1434326 (N.D. Ohio Apr. 8, 2010)...........................................5

*Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*,
621 F.3d 554 (6th Cir. 2010) ...............................................................................................15

*Dayco Corp. v. Goodyear Tire & Rubber Co.*,
523 F.2d 389 (6th Cir. 1975) .................................................................................................8

ii

*Detrick v. 84 Lumber Co.*,
2007 WL 1231636 (N.D. Ohio 2007) ................................................................12

*DISC Envtl. Servs., Inc. v. Usher Oil Co.*,
343 F. Supp. 3d 705 (N.D. Ohio 2018) ........................................................ *passim*

*Discount Drug Mart, Inc. v. Devos, Ltd.*,
No. 1:12 CV 00386, 2013 WL 5820044 (N.D. Ohio Oct. 29, 2013) ....................17

*Duha v. Agrium, Inc.*,
448 F.3d 867 (6th Cir. 2006) ...........................................................................11

*Friedman v. World Transp., Inc.*,
636 F. Supp. 685 (N.D. Ill. 1986) ....................................................................15

*Gerber v. Riordan*,
649 F.3d 514 (6th Cir. 2011) ...........................................................................13

*Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*,
378 F.3d 1269 (11th Cir. 2004) .......................................................................20

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947) ....................................12, 14

*Hefferan v. Ethicon Endo-Surgery Inc.*,
828 F.3d 488 (6th Cir. 2016) .................................................................11, 12, 14

*In re: Howmedica Osteonics Corp*,
867 F.3d 390 (3d Cir. 2017), *cert. denied sub nom. Nordyke v. Howmedica
Osteonics Corp.*, 138 S. Ct. 1288, 200 L. Ed. 2d 471 (2018) ...........................10

*Infocision Mgmt. Corp. v. Found. for Moral Law, Inc.*,
No. 5:08 CV 1342, 2008 WL 11380205 (N.D. Ohio Oct. 22, 2008) .....................8

*Ingenium Techs. Corp. v. Beaver Aerospace & Def., Inc.*,
122 F. Supp. 3d 683 (E.D. Mich. 2015) ............................................................20

*K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft*,
314 F.3d 494 (10th Cir. 2002) .........................................................................20

*Langley v. Prudential Mortgage Capital, Co., LLC*,
546 F.3d 365 (6th Cir. 2008) .............................................................................5

*Lulling v. Barnaby's Family Inns, Inc.*,
482 F. Supp. 318 (E.D. Wis. 1980) ..................................................................15

*Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*,
452 F.3d 494 (6th Cir. 2006) .............................................................................8

*Mind–Peace, Inc. v. Pharmacon Int'l, Inc.*,
   No. 206CV832, 2006 WL 2849811 (S.D. Ohio, Oct. 2, 2006) ................................................5

*Morgantown Mach. & Hydraulics of Ohio, Inc. v. Am. Piping Prod., Inc.*,
   No. 5:15-CV-1310, 2016 WL 705261 (N.D. Ohio Feb. 23, 2016), *adhered to
   on reconsideration*, No. 5:15-CV-1310, 2016 WL 3555431 (N.D. Ohio June
   30, 2016) ................................................................................................................................16

*Moses v. Bus. Card Express*,
   929 F.2d 1131 (6th Cir. 1991), *cert. denied*, 502 U.S. 821, 112 S. Ct. 81, 116
   L. Ed. 2d 54 (1991) ...............................................................................................................19

*ODW Logistics, Inc. v. Karmaloop, Inc.*,
   No. 2:12-CV-00996, 2013 WL 3475163 (S.D. Ohio July 10, 2013)........................................8

*Ohio Learning Centers, LLC v. Sylvan Learning, Inc.*,
   No. 1:10-CV-1062, 2010 WL 2803042 (N.D. Ohio July 14, 2010) ....................................4, 5

*One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*,
   648 F.3d 258 (5th Cir. 2011) ................................................................................................17

*Powerscreen USA, LLC v. D & L Equip., Inc.*,
   No. CIV.A.3:07CV-433-S, 2008 WL 2944994 (W.D. Ky. July 28, 2008) ......................10, 11

*Preferred Capital, Inc. v. Aetna Maint., Inc.*,
   207 F. App'x 562 (6th Cir. 2006) ..........................................................................................18

*Preferred Capital, Inc. v. Assocs. in Urology*,
   453 F.3d 718 (6th Cir. 2006) ................................................................................................19

*Primary Color Sys. Corp. v. Agfa Corp.*,
   No. SACV1700761JVSDFMX, 2017 WL 8220729 (C.D. Cal. July 13, 2017) ....................10

*Quicken Loans Inc. v. RE/MAX, LLC*,
   216 F. Supp. 3d 828 (E.D. Mich. 2016)................................................................................20

*Rauch v. Day & Night Mfg. Corp.*,
   576 F.2d 697 (6th Cir. 1978) ................................................................................................13

*Schindewolf v. Seymour Const., Inc.*,
   2010 WL 2290803 (N.D. Ohio 2010)....................................................................................14

*Security Watch, Inc. v. Sentinel Sys., Inc.*,
   176 F.3d 369 (6th Cir. 1999) ............................................................................................5, 18

*Simonoff v. Expedia, Inc.*,
   643 F.3d 1202 (9th Cir. 2011) ..............................................................................................20

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
   549 U.S. 422, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007)........................................6

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22, 108 S. Ct. 2239 (1988)....................................................................4

*Stryker Sales Corp. v. Zimmer Biomet, Inc.*,
   2016 WL 10683358 (W.D. Mich. 2016)............................................................14

*Tarazi v. Oshry*,
   No. 2:10-CV-793, 2010 WL 5013819 (S.D. Ohio Dec. 1, 2010)............................7

*Van Cauwenberghe v. Biard*,
   486 U.S. 517, 108 S. Ct. 1945, 100 L. Ed. 2d 517 (1988)..............................12, 14

*Yoak v. Assurance Grp., Inc.*,
   No. 5:17-CV-1094, 2017 WL 4155770 (N.D. Ohio Sept. 19, 2017).......................5

**Statutes**

28 U.S.C. § 1404...............................................................................................4, 6

28 U.S.C. § 1404(a).................................................................................... *passim*

28 U.S.C. § 1406(a)..................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 12......................................................................................................8

Fed. R. Civ. P. 12(b)(1)..........................................................................................5

Fed. R. Civ. P. 12(b)(2)..........................................................................................13

Fed. R. Civ. P. 12(b)(3)...................................................................................3, 5, 13

Fed. R. Civ. P. 12(b)(6)................................................................................ *passim*

Fed. R. Civ. P. 12(d)..............................................................................................7

Fed. R. Civ. P. 12(h)(1)..........................................................................................13

Fed. R. Civ. P. 56(e)..............................................................................................8

Plaintiff The J.M. Smucker Company ("Smucker"), through its attorneys, Winston & Strawn LLP, respectfully submits this memorandum of law in opposition to Defendant Eurofins Scientific, Inc.'s ("ESI") Motion to Dismiss, or in the Alternative, Transfer Venue ("Motion" or "Mot."). As explained below, the Court should deny ESI's Motion because it does not sufficiently state a claim for which relief can be granted.

## **INTRODUCTION**

Smucker's Complaint ("Complaint" or "Compl.") arises from ESI's refusal to indemnify losses it incurred as a result of a recall of cat food initiated by Smucker after receiving faulty laboratory test results from ESI. As detailed in Smucker's Complaint, Smucker manufactures cat food, including 9Lives® Protein Plus® wet cat food (the "Cat Food"), which was the product tested by ESI. Compl. ¶ 6. On May 10, 2018, Smucker submitted a purchase order ("Purchase Order") to ESI for the purchase of various food and feed testing, including the Cat Food. *Id.* ¶ 11. It was Smucker's practice to set up a large order with ESI and subsequently submit change orders from time to time as it requested additional service. *Id.* ¶ 12.

In November 2018, Smucker submitted a change order to ESI related to thiamine testing for the Cat Food. A true and accurate copy of the final change order ("Change Order") submitted to ESI is attached as **Exhibit B**. Pursuant to the Purchase Order and November Change Order, and the Smucker Terms and Conditions ("Smucker Terms" incorporated therein, Smucker sent samples of the Cat Food to ESI to test for the essential vitamin thiamine, which ESI received on or around December 1, 2018 (the "Samples"). Compl. ¶ 27. ESI accepted the Samples, tested them for thiamine, and subsequently reported a non-detect of thiamine in the Samples. *Id.* ¶ 28. Based upon ESI's results, Smucker had no other choice except to immediately commence a recall of the Cat Food to ensure the safety of pets consuming the Cat Food (the "Recall"). *Id.* ¶ 32. As a result of the Recall, Smucker's customers had to dispose of the Cat Food and remove

it from shelves. *Id.* ¶ 33. Subsequent testing from other laboratories showed that ESI had incorrectly performed its testing services, and as a result, incorrectly reported to Smucker that the Samples did not contain thiamine. *Id.* ¶¶ 34-35. Due to ESI's erroneous reporting of a non-detect of thiamine, Smucker unnecessarily recalled the Cat Food and sustained significant monetary and reputational damage. *Id.* ¶ 38. ESI now refuses to indemnify Smucker as required under the Smucker Terms.

Rather than respond to the substantive allegations in the Complaint, ESI has filed a Rule 12(b)(6) motion to dismiss entirely premised on creating a question regarding venue. ESI suggests that the forum selection clause in its Electronic Online System Agreement ("EOL Agreement"), and the allegedly incorporated ESI Standard Terms and Conditions ("ESI Terms"), should both govern the dispute between the parties. The EOL Agreement lists courts in Polk County, Iowa as having exclusive jurisdiction over disputes arising out of the EOL Agreement, while the ESI Terms lists "the commercial courts of the State in which the registered office of the Member which accepted the order in question is located." Compl. Exs. C, D.

As an initial matter, ESI may not seek dismissal pursuant to Rule 12(b)(6) or the doctrine of *forum non conveniens* in its attempt to enforce a forum selection clause, as Rule 12(b)(6) is the incorrect mechanism in seeking enforcement of such a clause. Furthermore, dismissal is not a proper remedy under the doctrine of *forum non conveniens* when the requested transferee forum is another federal district. Moreover, ESI attempts to attach and incorporate exhibits and documentation into its Motion are not proper on a Rule 12(b)(6) motion.

Moreover, ESI seeks to enforce the forum selection clause in the EOL Agreement and simply disregards that there is a competing forum selection clause in the Smucker Terms providing for exclusive jurisdiction in Cuyahoga County, Ohio, wherein the Smucker Terms also

explicitly reject any conflicting terms that ESI might rely on. Compl. Ex. A, ¶¶ 2, 17. If this Court were to seek enforcement of one of the forum selection clauses, ESI incorrectly concludes that the EOL Agreement, and the incorporated ESI Terms, govern the parties' dispute. Yet a review of the plain language of the EOL Agreement indicates that the testing and services rendered are not the subject of the EOL Agreement—rather, the subject of the EOL Agreement is its customers' access to data through its online web-based system. Compl. Ex. C. However, the Smucker Terms clearly indicate that they are intended to govern the purchase of the services rendered from ESI. Accordingly, because ESI has not and cannot show why the forum selection clause in the Smucker Terms should not be enforced, this Court should deny the motion in its entirety. Even if this Court opts not to enforce either of the competing forum selection clauses, ESI still fails to meet its heavy burden under a traditional 28 U.S.C. § 1404(a) analysis as to why the Court should transfer the matter.

## ARGUMENT

## I. ESI MAY NOT SEEK DISMISSAL PURSUANT TO RULE 12(B)(6) OR THE DOCTRINE OF *FORUM NON CONVENIENS*.

### A. ESI Cannot Rely on Rule 12(b)(6) to Enforce a Forum Selection Clause.

In seeking dismissal under Rule 12(b)(6), ESI seemingly relies on the Supreme Court's holding in *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013), as granting authority to seek dismissal in enforcing a forum selection clause, rather than solely seeking to transfer to an alternative venue. However, ESI misapplies the holding in *Atl. Marine Constr. Co.*[1] In *Atl. Marine*, the Supreme Court explicitly stated that it "declined to consider whether a defendant in a breach-of-contract action could

---

[1] The primary holding in *Atl. Marine Const. Co.* was that a forum-selection clause does not render venue in another court "wrong" or "improper" within the meaning of 28 U.S.C. § 1406(a) or Rule 12(b)(3), and that such clause may be enforced through a motion to transfer under 28 U.S.C. § 1404(a). *Atl. Marine Const. Co.*, 134 S. Ct. at 579. Accordingly, § 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause. *Id.* at 580.

obtain dismissal under Rule 12(b)(6) if the plaintiff files suit in a district other than the one specified in a forum-selection clause." *Atl. Marine Const. Co.*, 134 S. Ct. at 574. "Petitioner did not file a motion to dismiss under Rule 12(b)(6), and the parties did not brief the Rule's application." *Id.* Accordingly, to the extent that ESI relies on *Atl. Marine Const. Co.* as authority allowing it to move for dismissal under Rule 12(b)(6), its request for dismissal must fail.

Furthermore, courts in this District have held that Rule 12(b)(6) is not the proper mechanism to enforce a forum selection clause. When asking the Court to enforce a forum selection clause, the defendant invokes the concerns and purposes of § 1404(a), not Rule 12(b)(6). *Am. Greetings Corp. v. Cookie Jar Entm't, Inc.*, No. 1:09-CV-1056, 2009 WL 3713686, at *2 (N.D. Ohio Nov. 3, 2009); *see also Ohio Learning Centers, LLC v. Sylvan Learning, Inc.*, No. 1:10-CV-1062, 2010 WL 2803042, at *3–4 (N.D. Ohio July 14, 2010) (same holding). In seeking to enforce such a clause, the defendant does not say that the plaintiff could prove no set of facts that could support a verdict. *Id.* Moreover, the defendant does not argue lack of jurisdiction or improper venue. *Id.* Instead, the defendant merely says that the plaintiff's claims, whatever their merit, belong elsewhere. *Id.* This contention aligns squarely with the purposes of § 1404, not Rule 12(b)(6). *Id.*

In *Am. Greetings Corp.*, the Court noted, "[i]n contrast to the vague and largely conclusory assertions of the Sixth Circuit and other courts of appeals regarding using Rule 12(b)(6) for venue issues, [the Supreme Court's holding in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32, 108 S. Ct. 2239 (1988)] presents both a well-reasoned foundation and thorough framework for reconciling a plaintiff's filing in one forum and her prior agreement to file in another." *Am. Greetings Corp.*, 2009 WL 3713686, at *3; see also *Ohio Learning Centers, LLC*, 2010 WL 2803042, at *3-4. "Therefore, considering the guidance of the Supreme Court and the

contrasting purposes of Rule 12(b)(6) and § 1404(a)… § 1404(a) provides the appropriate vehicle for considering a forum selection clause." *Id.* (citing *Mind–Peace, Inc. v. Pharmacon Int'l, Inc.*, No. 206CV832, 2006 WL 2849811, at *2 (S.D. Ohio, Oct. 2, 2006) (concluding that dismissal to enforce a forum selection clause under Rule 12(b)(6) is not appropriate and instead focusing on whether to transfer venue)); *Ohio Learning Centers, LLC*, 2010 WL 2803042, at *3-4 (same holding).[2] Accordingly, Rule 12(b)(6) is not the proper mechanism to enforce a forum selection clause, and ESI's request seeking dismissal pursuant to Rule 12(b)(6) must be denied.

### B. ESI Cannot Seek Dismissal Pursuant to the Doctrine of *Forum Non Conveniens*.

In seeking dismissal pursuant to the doctrine of *forum non conveniens*, ESI again relies on the Supreme Court's holding in *Atl. Marine Const. Co.* ESI also cites to the Sixth Circuit's recent holding in *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 568 (6th Cir. 2019), which relies on *Atl. Marine*, as "summariz[ing] the legal standard applicable to a motion to dismiss for *forum non conveniens*." Mot. at 8. However, once again, ESI misapplies the holdings in both *Boling* and *Atl. Marine.*

---

[2] In *Ohio Learning Centers, LLC*, the Court recognized the holding in *C. Thorrez Indus., Inc. v. LuK Transmission Sys., LLC*, No. 5:09–cv–1986, 2010 WL 1434326 (N.D. Ohio Apr. 8, 2010) (Lioi, J.) (holding that Rule 12(b)(6) is proper mechanism for enforcing forum selection clause and granting motion to dismiss). 2010 WL 2803042, at *3. In *C. Thorrez Indus., Inc.*, this Court held that in *Langley v. Prudential Mortgage Capital, Co., LLC*, 546 F.3d 365, 369-71 (6th Cir. 2008), the Sixth Circuit implicitly endorsed Rule 12(b)(6) as a proper vehicle upon which to dismiss a case where a defendant seeks to enforce a forum selection clause. 2010 WL 1434326, at *3. The holding in *C. Thorrez Indus., Inc.* was reaffirmed by this Court in *Yoak v. Assurance Grp., Inc.*, No. 5:17-CV-1094, 2017 WL 4155770, at *2 (N.D. Ohio Sept. 19, 2017). However, in *Ohio Learning Centers, LLC,* while acknowledging the holding in *C. Thorrez Indus, Inc.*, the Court called back to its holding in *Am. Greetings Corp.*, where it explained that, "[a]lthough the Defendants cite [*Langley*] for the proposition that this Court may enforce the forum selection clause through Rule 12(b)(6), the Sixth Circuit has not actually decided the issue. *See Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 371 n.2 (6th Cir. 1999) (noting outstanding debate among circuits whether dismissal pursuant to Rule 12(b)(1), (b)(3), or (b)(6) is most appropriate). In fact, although the court in *Security Watch* upheld the dismissal pursuant to 'Rule 12(b)' generally, it provided no analysis as to why this Rule governed, nor could it, as explained below." *Ohio Learning Centers, LLC*, 2010 WL 2803042, at *3 (quoting *Am. Greetings Corp.*, 2009 WL 3713686, at *2).

In *Atl. Marine*, the Supreme Court held that the doctrine of *forum non conveniens* is the proper mechanism in seeking to enforce a forum selection clause, but differentiated between a forum selection clause pointing to a state or foreign forum rather than a transferee forum falling within the federal court system. *Atl. Marine Const. Co.*, 134 S. Ct. at 580. "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, **Congress has replaced the traditional remedy of outright dismissal with transfer**." *Id.* (emphasis added) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007) ("For the federal court system, Congress has codified the doctrine...")); *see also* notes following § 1404 (Historical and Revision Notes) (Section 1404(a) "was drafted in accordance with the doctrine of *forum non conveniens*, permitting transfer to a more convenient forum, even though the venue is proper"). "For the remaining set of cases calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of *forum non conveniens* 'has continuing application in federal courts.'" *Id.* (quoting *Sinochem Int'l Co.*, 549 U.S. at 430).

Thus, although dismissal ***may*** be appropriate pursuant to the doctrine of *forum non conveniens* in cases involving valid forum-selection clauses pointing to **state or foreign forums**, *Atl. Marine Const. Co.*, 134 S. Ct. at 583 n.8, the proper remedy where the transferee venue is a federal forum is transfer in accordance with § 1404(a). *Id.* at 580; *Sinochem Int'l Co.*, 549 U.S. at 430. Here, ESI requests transfer to the Southern District of Iowa in accordance with the purported forum selection clause governing the EOL Agreement and October 2018 ESI Standard Terms.[3] Mot. at 7, 19. Given that the Southern District of Iowa is a federal forum, the sole remedy available, to the extent the Court deems the ESI's forum selection clause operative, is transfer pursuant to § 1404(a). *Atl. Marine Const. Co.*, 134 S. Ct. at 580; *Sinochem Int'l Co.*, 549

---

[3] The Southern District of Iowa has a branch that sits in Des Moines, IA, which is located in Polk County.

U.S. at 430. Accordingly, the Complaint is not subject to dismissal pursuant to the doctrine of *forum non conveniens*, and ESI's request for dismissal must be denied.

## II. THE COURT SHOULD STRIKE AND EXCLUDE THE MURRAY DECLARATION AND ANY OTHER EXHIBITS OUTSIDE THE PLEADINGS.

Should this Court deem it appropriate for ESI to rely on Rule 12(b)(6) in its attempt to enforce its purported forum selection clause, then it should exclude the various documents and allegations that fall outside Smucker's Complaint. In support of its Motion, ESI attaches the Declaration of Sean Murray ("Murray Declaration" or "Murray Decl."), which further includes as exhibits documents that were neither referenced in nor attached to Smucker's Complaint.[4] The Murray Declaration also purports to include numerous allegations not referenced or relied upon in Smucker's Complaint, including allegations regarding ESI's alleged non-receipt of Smucker's Purchase Order or change orders. Murray Decl. ¶ 19. As Smucker does not reference or attach the Murray Declaration, or Exhibits C, D, and F attached thereto, to its Complaint, the Murray Declaration should be stricken and excluded by this Court in its entirety.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss, so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). However, Rule 12(d) of the Federal Rules of Civil Procedure requires a court to treat a Rule 12(b)(6) motion as one for summary judgment "[i]f ... matters outside the pleadings are presented to and not excluded by the court." *Tarazi v. Oshry*, No. 2:10-CV-793, 2010 WL 5013819, at *1 (S.D. Ohio Dec. 1, 2010) (citing Fed. R. Civ. P.

---

[4] The Murray Declaration references two different Exhibit F's. The first Exhibit F is a "Eurofins General Terms and Conditions entered into between Eurofins and Big Heart Pet Brands on October 21, 2014." Murray Decl. ¶ 17. Also referenced as Exhibit F is a "News Release" purportedly published by Smucker regarding its acquisition of Big Heart Pet Brands. *Id.* ¶ 18. There is no News Release attached to the filed version of the Murray Declaration.

12(d)). Such matters outside the pleadings include affidavits: if a party files an affidavit with the court in connection with a Rule 12(b)(6) motion to dismiss, the court must treat the motion as one for summary judgment and "proceed under Rule 56 unless the court decides to exclude the affidavit [ ]." *Id.* (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 392 (6th Cir. 1975)). A court can exclude the evidence from consideration and deny the motion to dismiss or convert it to a motion for summary judgment. *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006). If the Court converts the motion to dismiss to a motion for summary judgment, it must provide notice to the party opposing the motion to dismiss. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004).

Courts within the Sixth Circuit have routinely refused to consider affidavits filed in support of Rule 12 motions. *Infocision Mgmt. Corp. v. Found. for Moral Law, Inc.*, No. 5:08 CV 1342, 2008 WL 11380205, at *3 (N.D. Ohio Oct. 22, 2008) (excluding affidavit in support of motion to dismiss and denying motion); *ODW Logistics, Inc. v. Karmaloop, Inc.*, No. 2:12-CV-00996, 2013 WL 3475163, at *2 (S.D. Ohio July 10, 2013) ("[a]ccordingly, this Court will not consider the affidavit attached to Karmaloop's memorandum in opposition [] because it is not material that can be considered on a motion to dismiss"); *Abdelkhaleq v. Precision Door of Akron*, No. 5:07CV03585, 2008 WL 3980339, at *3 (N.D. Ohio Aug. 21, 2008) ("[b]ecause the Court refuses to entertain allegations not stated in the Complaint, it will not rely on the affidavit of Wellbeloved to dispose of this matter").

Even if the Court were to consider the Murray Declaration and choose to construe ESI's Motion as a motion for summary judgment under Rule 56(e), the Motion must still be denied. The Murray Declaration raises an issue of fact regarding whether ESI received a copy of Smucker's May 2018 Purchase Order and subsequent Change Orders, including the one attached

as Exhibit B to Smucker's Complaint, which will likely be clarified through discovery. As it stands, Smucker has alleged that the May 2018 Purchase and subsequent Change Orders were all submitted to and received by ESI. *See* Compl. ¶¶ 14, 41-43. When determining whether a plaintiff has stated a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929 (2007). As alleged in Smucker's Complaint, the Change Order, alleged to have been received by ESI and attached as Exhibit B, explicitly incorporates the Smucker Terms, which include a mandatory forum selection clause that Smucker alleges to be the operative clause. Furthermore, there are questions of fact and law that must still be decided as to ESI's liability regardless of the forum.

Accordingly, to the extent this Court allows ESI to seek dismissal under Rule 12(b)(6) in its attempt to enforce its forum selection clause, it should exclude any and all documents and allegations outside of Smucker's Complaint.

## III. ESI'S REQUEST TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER TO AN ALTERNATIVE FEDERAL VENUE MUST BE DENIED.

### A. In light of the Parties' Competing Forum Selection Clauses, the Court Should Conduct a Traditional § 1404(a) Analysis, which Requires Denial of ESI's Request to Transfer.

In its Motion, ESI briefly acknowledges that there are competing forum selection clauses in light of the forum selection clause in the Smucker Terms incorporated into the May 2018 Purchase Order and Change Order attached as Exhibit B. Mot. at 11. However, ESI provides no indication regarding how the Court's analysis is altered in light of such competing clauses.

The Sixth Circuit has not explicitly addressed how a court should treat competing forum selection clauses. For instance, in *Boling v. Prospect Funding Holdings, LLC*, the claims arose out of various agreements containing conflicting forum selection clauses; however, the defendant

in that matter did not properly seek enforcement of those competing provisions. 771 F. App'x at 572-73. Thus, the Court only looked to a single forum selection clause to conduct its analysis. *Id.* On the other hand, other circuits, such as the Third Circuit, have noted that while "[t]he Supreme Court made clear in *Atlantic Marine* that, in most cases, district courts must enforce valid forum-selection clauses when adjudicating § 1404(a) transfer motions, [it] did not have occasion to address how that general rule should apply where… there are other complications such as competing forum-selection clauses…" *In re: Howmedica Osteonics Corp*, 867 F.3d 390, 401 (3d Cir. 2017), *cert. denied sub nom. Nordyke v. Howmedica Osteonics Corp.*, 138 S. Ct. 1288, 200 L. Ed. 2d 471 (2018).

In examining the issue of competing forum selection clauses, it has been held that a court may refuse to enforce a forum-selection clause if there are conflicting forum-selection clauses at issue. *Primary Color Sys. Corp. v. Agfa Corp.*, No. SACV1700761JVSDFMX, 2017 WL 8220729, at *6 (C.D. Cal. July 13, 2017). For instance, in *Powerscreen USA, LLC v. D & L Equip., Inc.*, No. CIV.A.3:07CV-433-S, 2008 WL 2944994 (W.D. Ky. July 28, 2008), a case that involved vendors submitting competing forum selection clauses to one another in their standard forms, the court noted that the competing forms exchanged between the vendors indicated that the plaintiff had no intention of accepting a conflicting forum selection clause and that the "parties failed to reach a consensus on this point." *Powerscreen USA, LLC*, 2008 WL 2944994, at *2–3 Thus, the Court refused to consider the forum selection clauses in its analysis. *Id.* Here, the Smucker Terms explicitly state:

> …the terms and conditions set forth herein will constitute the entire agreement relating to the purchase of the Goods. Smucker objects to and specifically rejects any terms and conditions proposed by Supplier which are inconsistent with or in addition to the terms and conditions contained in this Purchase Order. Neither Smucker's subsequent lack of objection to any such terms and conditions, nor the acceptance of goods or services ordered, will constitute agreement by Smucker to any terms proposed by Supplier.

*See* Compl. Ex. A, ¶ 2, PageID#: 30. Through this language, Smucker, like the plaintiff in *Powerscreen*, clearly indicated that it had no intention of accepting a conflicting forum selection clause, and there clearly was no meeting of the minds as to ESI's clause.

Should this Court, like the court in *Powerscreen*, decide not to enforce either of the conflicting forum section clauses, then the Court should conduct a traditional § 1404(a) analysis. *Powerscreen USA, LLC*, 2008 WL 2944994, at *3. Section 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *DISC Envtl. Servs., Inc. v. Usher Oil Co.*, 343 F. Supp. 3d 705, 709 (N.D. Ohio 2018). This provision codifies the common law *forum non conveniens* doctrine. *Id.* (citing *Atl. Marine Const. Co.*, 571 U.S. at 60). A typical *forum non conveniens* analysis involves three steps. *Boling*, 771 F. App'x at 568. First, the court determines the degree of deference owed the plaintiff's forum choice. *Id.* The defendant must then establish an "adequate alternative forum" and show that "the plaintiff's chosen forum is unnecessarily burdensome based on public and private interests." *Id.* (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 492 (6th Cir. 2016)).

### i. Deference to Smucker's Forum Choice.

When a domestic plaintiff initiates a suit in his home forum, that choice is normally entitled great deference because it is presumptively convenient for the plaintiff. *Hefferan*, 828 F.3d at 493. "In general, the standard of deference for a U.S. plaintiff's choice of a home forum permits dismissal only when the defendant 'establishes such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent.'" *Hefferan*, 828 F.3d at 493 (quoting *Duha v. Agrium, Inc.*, 448 F.3d 867,

873–74 (6th Cir. 2006)). "In general, a court considering a change of venue gives great deference to a plaintiff's choice of forum," which will not be disturbed unless the movant "makes a strong showing that equity favors the requested transfer." *DISC Envtl. Servs., Inc.*, 343 F. Supp. 3d at 709 (quoting *Detrick v. 84 Lumber Co.*, 2007 WL 1231636, at *2 (N.D. Ohio 2007) (Lioi, J.)). Here, ESI's Motion does not argue that equity favors its requested transfer—only that its own forum selection clause should be enforced. Accordingly, ESI has not made a showing that equity favors a transfer, and Smucker's choice of forum must be given deference.

## ii. Public and Private Interests of Parties.

The onus of showing that a plaintiff's choice of forum is unnecessarily burdensome falls on the defendant. *Hefferan*, 828 F.3d at 498. That inquiry is guided by public- and private-interest factors set forth by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947). *Id.* Private-interest factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *Gulf Oil*, 330 U.S. at 508, 67 S. Ct. 839). To examine them, "the district court must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action." *Id.* (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528, 108 S. Ct. 1945, 100 L. Ed. 2d 517 (1988)).

ESI's Motion does not suggest that its ease of access to sources of proof would somehow be limited by having to defend the litigation in this District. With respect to witnesses, it will be equally inconvenient for one party to go to the location of the other to obtain discovery, gather

relevant evidence, and prepare for trial. *DISC Envtl. Servs., Inc.*, 343 F. Supp. 3d at 710–11. As a result, this factor does not favor one party or the other. *Id.* Furthermore, all anticipated witnesses are within range of this Court's subpoena power. *Id.* If there is a need for the court or jurors to see either party's facilities or equipment, video presentation of such demonstrative evidence should suffice. *Id.* Therefore, this factor does not favor either party. *Id.*

Furthermore, in *Boling*, the Sixth Circuit noted that the district court concluded that because it had personal jurisdiction over the defendant, that "negate[d] any argument of oppression or vexation in this case remaining in this forum." 771 F. App'x at 571. As in *Boling*, this Court has personal jurisdiction over ESI, and therefore, any argument of oppression or vexation in this case remaining in this forum is negated. Where a defendant files a pre-answer motion to dismiss or an answer, without raising the defense of a lack of in personam jurisdiction, he waives any objection to that defect. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978); *see also Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011) (citing Fed. R. Civ. P. 12(h)(1) (stating that "[a] party waives any defense listed in Rule 12(b)(2)–(5)," including the defense of lack of personal jurisdiction, by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading."). ESI has filed a pre-answer motion to dismiss pursuant to Rule 12(b)(6) and has neither objected to personal jurisdiction under Rule 12(b)(2) nor sought dismissal for improper venue under Rule 12(b)(3). Thus, pursuant to Rule 12(h)(1), because ESI has submitted itself to the jurisdiction of this Court and waived any defense of lack of personal jurisdiction or improper venue, ESI cannot allege that it will be burdened by litigating a case in a forum in which it has submitted itself to the Court's jurisdiction.

Moreover, public-interest factors include "administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in

having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Hefferan*, 828 F.3d at 500 (quoting *Gulf Oil*, 330 U.S. at 509, 67 S. Ct. 839). To evaluate them, district courts "must consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to the plaintiff's chosen forum." *Id.* (quoting *Van Cauwenberghe*, 486 U.S. at 528, 108 S. Ct. 1945). These factors will typically "thrust the court into the merits of the underlying dispute." *Id.*

Courts generally give heed to the "public interest in having local controversies adjudicated locally." *DISC Envtl. Servs., Inc.*, 343 F. Supp. 3d at 712 (quoting *Stryker Sales Corp. v. Zimmer Biomet, Inc.*, 2016 WL 10683358, at *2 (W.D. Mich. 2016)); *see also Schindewolf v. Seymour Const., Inc.*, 2010 WL 2290803, at *7 (N.D. Ohio 2010) (McHargh, J.) (noting the "local interest in deciding the controversy locally."); *Am. Greetings Corp.*, 2009 WL 3713686, at *9 (same). Smucker is a local corporation that placed the order for the testing and issued the recall in question that led to each of the claims alleged, all from its headquarters in Ohio. Furthermore, even if the Court deems the locus of the allegedly culpable conduct as having occurred in Iowa, this is not sufficient to justify a transfer of venue. *DISC Envtl. Servs., Inc.*, 343 F. Supp. 3d at 712. In *DISC Envtl. Servs., Inc.*, the Court conceded that the "locus of allegedly culpable conduct is Novi, Michigan, the place of delivery of the material that allegedly caused Usher's damages." *Id.* However, the court held, "[i]t is extremely unlikely that this dispute between two private companies is of any interest or concern whatsoever to anyone except those relatively few individuals who are directly involved and whom the outcome can affect." *Id.* Accordingly, it held that the factor favored neither one side nor the other, because the case

simply "is not a case of intense local concern." *Id.* (quoting *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 563–64 (6th Cir. 2010)).

With respect to court congestion, ESI's Motion does not suggest that this factor favors one forum over the other. And while ESI suggests that Iowa law should apply, Smucker has alleged and maintains that Ohio law, as specified in the Smucker Terms, should govern. But just as ESI suggests that "Iowa courts are just as capable of deciding any such choice of law issues" (Mot. at 15), this Court is undoubtedly just as capable of addressing and analyzing Iowa law if necessary. Accordingly, ESI has not nearly met its high burden necessary to persuade the court that keeping the case in this district is "unnecessarily burdensome." *DISC Envtl. Servs., Inc.*, 343 F. Supp. 3d at 713. In fact, ESI does not even suggest that it would be burdened or inconvenienced in any way by having to defend the litigation in this District. *See generally* Mot.

**B.    Should the Court Determine that It Must Apply a Forum Selection Clause, then It Must Apply the Clause in the Smucker Terms.**

**i.    The EOL Agreement and ESI Terms Do Not Govern Smucker's Purchase Order or Change Orders.**

Throughout the entirety of ESI's Motion, ESI presumes that the forum selection clause in its EOL Agreement governs the laboratory testing ordered by Smucker that resulted in ESI's breach. ESI is mistaken. Should the Court seek to make a determination as to the operative forum selection clause, it must look to the forum selection clause in the Smucker Terms. When confronted with multiple forum selection clauses in various agreements, courts have looked to which document "logically connects all the defendants to the plaintiffs..." *Am. Greetings Corp.*, 2009 WL 3713686, at *7 (citing *Friedman v. World Transp., Inc.*, 636 F. Supp. 685, 691 (N.D. Ill. 1986) (quoting *Adelson v. World Transp., Inc.*, 631 F. Supp. 504, 508 (S.D. Fla. 1986))); *see also Lulling v. Barnaby's Family Inns, Inc.*, 482 F. Supp. 318, 321 (E.D. Wis. 1980) (looking to forum selection clause, if any, in "basic contract between the parties").

The first line of the EOL Agreement states that it is "An Agreement to Provide Access to Web-based Data." Compl. Ex. C, PageID #: 43. From the very first line, it is abundantly clear that the EOL Agreement is not a contract relating to specific testing ordered by a "customer," but rather, relates to such customer being granted access to web-based data through ESI's online site. The subject of the EOL Agreement is defined in Article 1. Compl. Ex. C, PageID #: 43. The plain language of Article 1 clearly indicates that the subject of the EOL Agreement is not the purchase of specific testing, but rather, a "customer" requesting and being granted access to the EOL system for the purposes of reviewing web-based data and analytical results from ordered testing. In Article 7, the EOL Agreement purports to incorporate the ESI Terms as being "applicable to all activities described herein." *Id.* However, the activities described therein only relate to the granting of web-based access to ESI's customers for the purposes of reviewing analytical data. There is no indication from the plain language of the EOL Agreement's terms that they are meant to govern anything beyond ESI's customers' use of the EOL system site, let alone specific purchases and transactions made by its customers.

On the other hand, the Change Order identifies each of the purchases and orders made by Smucker and the amount paid for the transactions. The Change Order also identifies the "TERMS AND CONDITIONS OF PURCHASE" as the Smucker Terms attached as Exhibit A to the Complaint, which it references as being located at www.smuckersupplier.com. *See* Compl. Ex. B. And as ESI has conceded in its Motion, "[s]everal courts have applied traditional contract law to find terms and conditions located on a company's website to be incorporated into a contract where they were clearly referred to and could be easily located by the challenging party, especially where that party is a commercial entity." *Morgantown Mach. & Hydraulics of Ohio, Inc. v. Am. Piping Prod., Inc.*, No. 5:15-CV-1310, 2016 WL 705261, at *5 (N.D. Ohio Feb. 23,

2016), *adhered to on reconsideration*, No. 5:15-CV-1310, 2016 WL 3555431 (N.D. Ohio June 30, 2016) (citing *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 268 (5th Cir. 2011) (citing cases); *see also Discount Drug Mart, Inc. v. Devos, Ltd.*, No. 1:12 CV 00386, 2013 WL 5820044, at *2 (N.D. Ohio Oct. 29, 2013) ("[i]ncorporation by reference is proper where the underlying contract makes clear reference to a separate document, the identity of the separate document may be ascertained, and incorporation of the document will not result in surprise or hardship.") (quotation marks and citations omitted).

Furthermore, the Smucker Terms include language specifically rejecting any terms and conditions proposed by ESI that are inconsistent with or in addition to the Smucker Terms. Compl. Ex. A, ¶ 2. They also indicate that upon "commencement of performance pursuant to this Purchase Order, the terms and conditions set forth herein will constitute the entire agreement related to the purchase of the Goods." *Id.* It is not disputed that ESI commenced performance on the services rendered, and therefore, pursuant to the plain language of the Smucker Terms, they constitute the entire agreement related to the purchase of the services rendered. The EOL Agreement does not include similar language regarding the commencement of services rendered. *See generally* Compl. Ex. C.

ESI also suggests that pursuant to the ESI Standard Terms, each order that ESI accepted from Smucker created a "separate independent contract" between the parties, and thus, the November 2018 order stands alone, thereby prohibiting Smucker's reliance on terms incorporated in the original Purchase Order. Mot. at 12. However, aside from the fact that ESI's terms do not govern the purchase of the services rendered for the reasons described herein, ESI also disregards the allegations in Smucker's Complaint, as well as the plain language of the Change Order attached as Exhibit B. In its Complaint, Smucker alleges that the Smucker Terms

were incorporated into all change orders, including the November Change Order. Compl. ¶¶ 17-18, 43. This is also evident from the Change Order attached as Exhibit B, which explicitly states on page 2 that the Smucker Terms are incorporated therein.

Thus, whereas the EOL Agreement governs the terms of Smucker's access to the online data ESI provides, the Smucker Terms indisputably govern the actual purchase of services from ESI. Without the purchase of services via the Purchase Order and change orders submitted by Smucker, the claims would not exist and there would have been no services rendered by ESI. Absent the Purchase Order and Change Order, the existence of the EOL Agreement would be moot. Thus, should this Court determine that it should enforce a forum selection clause, it must look to the forum selection clause in the Smucker Terms incorporated in the Change Order, as it is the Change Order that logically connects ESI to Smucker as to the claims pled. *Am. Greetings Corp.*, 2009 WL 3713686, at *7.

### ii. Smucker's Forum Selection Clause Is Enforceable.

A forum selection clause should be enforced unless (1) it was obtained by fraud, duress, abuse of economic power, or other unconscionable means; (2) the chosen forum would be closed to the suit or would not handle it effectively or fairly; or (3) the transferee forum would be so seriously inconvenient that to require the plaintiff to bring suit there would be unjust. *Security Watch Inc.*, 176 F.3d at 374–75. *Braman v. Quizno's Franchise Co., LLC*, No. 5:07CV2001, 2008 WL 611607, at *3 (N.D. Ohio Feb. 20, 2008) (citing *Security Watch Inc.*, 176 F.3d at 374–75 (6th Cir. 1999)). The Sixth Circuit has repeatedly made clear that "unless there is a showing that the alleged fraud or misrepresentation induced the party opposing the forum selection clause to *agree to the inclusion of that clause* in the contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause." *Id.* (citing *Preferred Capital, Inc. v. Aetna Maint., Inc.*, 207 F. App'x 562, 564 (6th Cir.

2006) (emphasis in original)); *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 722

(6th Cir. 2006); *Moses v. Bus. Card Express*, 929 F.2d 1131, 1138 (6th Cir. 1991), *cert. denied*,

502 U.S. 821, 112 S. Ct. 81, 116 L. Ed. 2d 54 (1991).

ESI has not argued that this District would be closed to suit or would not handle it

effectively. Nor has ESI argued that it was induced to accept the May 2018 Purchase Order or

subsequent change orders. ESI only suggests that it did not receive the Purchase Order or Change

Order attached as Exhibit B, but Smucker alleges that Smucker submitted the Purchase Order

and Change Order to ESI (Compl. ¶¶ 11, 14), and that ESI received and accepted the Purchase

Order and Change Order, in its Complaint. *See* Compl. ¶ 43. When determining whether a

plaintiff has stated a claim upon which relief can be granted, a court must construe the complaint

in the light most favorable to the plaintiff and accept all factual allegations as true. *Twombly*, 550

U.S. at 570. Accordingly, ESI's allegations are inappropriate at this stage and should be

disregarded. Furthermore, even if ESI cannot locate the Purchase Order and Change Order that

Smucker has adequately alleged was submitted to ESI, the Smucker Terms indicate that upon

"commencement of performance pursuant to this Purchase Order, the terms and conditions set

forth herein will constitute the entire agreement related to the purchase of the Goods." *Id.* As

mentioned, there is no dispute that ESI commenced performance on Smucker's purchase.

ESI also makes no argument that it would be so inconvenient for it to defend against the

claims in this District that it would be unjust to require it to do so. Invalidating a forum selection

clause must be based on more than mere inconvenience. *Braman*, 2008 WL 611607, at *4.

Plaintiffs must show that enforcement "would be manifestly and gravely inconvenient to the

party seeking to avoid enforcement such that it will effectively be deprived of a meaningful day

in court." *Id.* (citing *Preferred Capital*, 453 F.3d at 722). ESI cannot, in good faith, suggest that

it would be manifestly and gravely inconvenienced such that it will effectively be deprived of a meaningful day in court should it be required to litigate in this District. ESI has not met its "heavy burden" of showing that Smucker's forum selection clause should be invalidated. *Id.*

### iii. Smucker's Forum Selection Clause Is Mandatory.

A forum selection clause is mandatory if it clearly indicates that jurisdiction is proper only in the selected forum. *Braman*, 2008 WL 611607, at *6. By contrast, a permissive forum selection clause merely authorizes jurisdiction in the specified forum, but does not require that forum to be the exclusive venue for litigation. *Id.* (citing *K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 498 (10th Cir. 2002)). Where there is use of the word "exclusive," the forum selection clause is explicitly mandatory, not permissive. *Id.*

Here, the forum selection clause in the Smucker Terms states that "any proceeding between the Parties is to take place in Cuyahoga County, Ohio, which will be the exclusive venue for any such dispute." Compl. Ex. A, ¶ 17. As is evident, the forum selection clause uses the word "exclusive."[5] Accordingly, the forum selection clause in the Smucker Terms is indisputably mandatory.

### CONCLUSION

For the foregoing reasons, the Court should deny ESI's Motion in its entirety.

Dated: January 2, 2020                          Respectfully submitted,

---

[5] A branch of the Northern District of Ohio, Eastern Division, is indeed located in Cuyahoga County, Ohio. Because the clause uses the preposition "in," the contract contemplates federal as well as state courts as proper courts for adjudication. *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011). As other circuits have recognized, when a federal court sits in a particular county, the district court is undoubtedly "in" that county. *Id.* (citing *All. Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 400 (5th Cir. 2008) (same holding); *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) (same holding)); *see also Bartels by & through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 676 (4th Cir. 2018) (same holding); *Quicken Loans Inc. v. RE/MAX, LLC*, 216 F. Supp. 3d 828, 834 (E.D. Mich. 2016) ("[in the state of Colorado] indicates that the parties may select both state and federal courts, provided subject matter jurisdiction exists"); *Ingenium Techs. Corp. v. Beaver Aerospace & Def., Inc.*, 122 F. Supp. 3d 683, 687 (E.D. Mich. 2015) (Holding that "'a forum selection clause that specifies "courts of" a state limits jurisdiction to state courts, but specification of "courts in" a state includes both state and federal courts.'" (quoting *Simonoff*, 643 F.3d at 1205–06).

THE J.M. SMUCKER COMPANY

*/s/ David F. Pustilnik*
David F. Pustilnik
Ronald Y. Rothstein
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
T: (312) 558-5600
F: (312) 558-5700
dpustilnik@winston.com
rrothste@winston.com
*Attorneys for The J.M. Smucker Company*

## Local Rule 7.1(f) Certification

    The undersigned certifies that the memorandum in Opposition to Defendant's Motion to Dismiss or Transfer adheres to the page limitations set forth in Local Rule 7.1(f).

*/s/ David F. Pustilnik*

## CERTIFICATE OF SERVICE

I, David F. Pustilnik, hereby certify that the aforementioned document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


Dated: January 2, 2020                    /s/ David F. Pustilnik